IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SATISH SHAH                          :
                                     :
                                     :
    v.                               :   Civil Action No. DKC 12-0341
                                     :
GENVEC, INC., et al.                 :
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this putative, private securities class action is an unopposed motion filed by shareholders Rob Ferry, Robert T. Schiff, Donald A. Schumer, Scott Sheckler, and Anne Vandelanotte (collectively, "the GenVec Investor Group") for appointment as lead plaintiff and for approval of Brower Piven, PC, as lead counsel. (ECF No. 9). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, this motion will be granted.

**I.   Background**

Plaintiff Satish Shah commenced this action on February 3, 2012, by filing a putative class action complaint against GenVec, Inc., and three of its corporate officers. (ECF No. 1). The complaint alleges that Defendants committed securities fraud by intentionally misleading the public regarding the clinical

trial results associated with an experimental cancer treatment developed by GenVec, thereby artificially inflating the company's stock price.  Plaintiff purports to bring this action "on behalf of all investors who purchased or otherwise acquired GenVec common stock between March 12, 2009[,] and March 30, 2010," for violations of § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

On February 8, the parties filed a stipulation advising that notice of the suit had been published through a national wire service, which informed putative class members that they had sixty days in which to file a motion seeking appointment as lead plaintiff.  (ECF No. 3).  The parties further advised of their agreement that, within fifteen days after the appointment of the lead plaintiff, they would submit a mutually agreeable schedule for the filing of an amended complaint, if any, and the filing of Defendants' answer or responsive motion.  That stipulation was subsequently approved.  (ECF No. 8).

On April 3, five shareholders calling themselves "the GenVec Investor Group" – namely, Rob Ferry, Robert T. Schiff, Donald A. Schumer, Scott Sheckler, and Anne Vandelanotte – filed the pending motion for appointment as lead plaintiff and for approval of the law firm of Brower Piven, PC, as lead counsel in this action.  (ECF No. 9).  No opposition has been filed and no other shareholder has sought to be named lead plaintiff.

**II. Analysis**

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, governs the appointment of a lead plaintiff in private securities litigation. Pursuant to § 78u-4(a)(3)(A), the plaintiff must, within twenty days after the complaint is filed,

> cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period[,] and . . . that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

Within ninety days of the publication of that notice, "the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

In determining the most adequate plaintiff, the PSLRA instructs:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that --
>
>   (aa) has either filed the complaint or

>     made a motion in response to a notice
>     under subparagraph (A)(i);
>
>     (bb) in the determination of the court,
>     has the largest financial interest in the
>     relief sought by the class; and
>
>     (cc) otherwise satisfies the requirements
>     of Rule 23 of the Federal Rules of Civil
>     Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption is rebuttable upon submission of proof that the plaintiff purporting to be most adequate "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

With respect to the approval of lead counsel, the PSLRA provides only that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  As Judge Messitte has explained:

>     In the exercise of its discretion, "[t]he
>     court has an obligation to assure that Lead
>     Plaintiff's choice of representation best
>     suits the needs of the class." *Johnson v.
>     Pozen, Inc.*, No. 1:07CV599, 2008 WL 474334,
>     at *3 (M.D.N.C. Feb. 15, 2008) (citation
>     omitted).  "Approval of lead counsel
>     necessarily requires, *inter alia*, an
>     independent evaluation of the effectiveness
>     of proposed class counsel to ensure the
>     protection of the class."  Alba Conte &
>     Herbert Newberg, Newberg on Class Actions §
>     22:7 (4th ed. 2002).

4

*Klugmann v. American Capital Ltd.*, Civil No. PJM 09-5, 2009 WL 2499521, at *2 (D.Md. Aug. 13, 2009).

Here, all statutory requirements for the appointment of a lead plaintiff have been satisfied. On the same date the suit was filed, Plaintiff published the requisite notice on *Marketwire*, a national, business-oriented wire service. (ECF No. 9, Ex. D). This notice indicated that any motion for appointment as lead plaintiff was required to be filed within sixty days – *i.e.*, by no later than April 3, 2012. On that date, the GenVec Investment Group filed its motion for appointment as lead plaintiff and approval of lead counsel. No other shareholder or group of shareholders has submitted a competing motion. The individual members of the GenVec Investment Group have provided certifications demonstrating the significant extent of their respective investments in GenVec (*id*. at Ex. A), as well declarations accepting the responsibility of "vigorously prosecuting this case on behalf of the Class" (*id*. at Ex. C ¶ 4). The PSLRA specifically acknowledges that the lead plaintiff may be comprised of a "group of persons," *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), such as that presented here, and "courts have routinely approved of group appointments, especially where the groups are small and include individuals who independently possess [the] largest financial interests in the outcome of the litigation."

*Klugmann*, 2009 WL 2499521, at *4 (citing *Johnson*, 2008 WL 474334, at *2; *In re Sunbeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2004 WL 5159061, at *5 (S.D.Cal. Jan. 5, 2004); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001)). Plaintiff's counsel has alleged that the GenVec Investment Group "has the largest known financial interest in the relief sought by the Class" (ECF No. 9-1, at 6), and given that no other financial interests have yet been identified, this is not particularly difficult to show. Still, the group's alleged total loss – $465,778.73 – is certainly substantial. (ECF No. 9, Ex. B at 3). While courts are typically loathe to permit grouping "solely for the purpose of aggregating the largest losses," *Klugmann*, 2009 WL 2499521, at *4, that risk is not presented where, as here, no competing motions have been filed.

The GenVec Investment Group also appears to satisfy the requirements of Fed.R.Civ.P. 23, as required by 15 U.S.C. §78u-4(a)(3)(B)(iii). Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

>       (4) the representative parties will fairly
>       and adequately protect the interests of
>       the class.

Courts limit inquiries under the PSLRA to the third and fourth factors set forth in Rule 23(a), the so-called "typicality" and "adequacy" requirements. *See Klugmann*, 2009 WL 2499521, at *5.

>       The typicality requirement is satisfied when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory. [*Johnson*, 2008 WL 474334, at *2]; *see also Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428–29 (4th Cir. 2003). The adequacy requirement is met if "the purported class representative and its attorney are capable of pursuing the litigation and . . . neither has a conflict of interest with other class members." *Johnson*, 2008 WL 474334, at *2 (citing *Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

*Id.*

The GenVec Investment Group satisfies both of these requirements. The claims of its members are identical to those of other putative plaintiffs, *i.e.*, those who purchased or acquired GenVec common stock during the class period and thereby suffered damages as a result of Defendants' alleged misrepresentations and omissions. Moreover, the members have demonstrated that they will adequately represent the class. Their declarations attest that they are a "small, cohesive, manageable group that . . . will work together, and direct the activities of our counsel" (ECF No. 9, Ex. C at 4), and the

7

record does not reflect any potential conflict with other class members.

Accordingly, the GenVec Investment Group is entitled to a presumption that it is the most adequate plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Because no evidence has been presented rebutting that presumption, the group will be appointed as lead plaintiff in this action.

As the lead plaintiff, the GenVec Investment Group may select lead counsel "subject to the approval of the court."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The group has selected the law firm Brower Piven, PC, and the exhibits submitted in support of that selection amply demonstrate the firm's experience in prosecuting cases of this nature.  *See Klugmann*, 2009 WL 2499521, at *6 (approving Brower Piven as lead counsel).  Accordingly, Bower Piven, PC, will be approved as lead counsel in this case.[1]

---

[1] The parties have additionally filed a second stipulation in which they advise of their agreement that: (1) Plaintiff will file an amended complaint on or before 55 days following entry of the order accompanying this Memorandum Opinion; (2) Defendants will file an answer or responsive motion within sixty days thereafter; (3) if Defendants file a motion to dismiss, Plaintiff will be provided sixty days in which to respond; and (4) Defendants will be provided thirty days thereafter in which to file a reply.  (ECF No. 13).  This stipulation will be approved.

**III. Conclusion**

For the foregoing reasons, the motion for appointment as lead plaintiff and approval as lead counsel will be granted. A separate order will follow.

```
            _____/s/_____
            DEBORAH K. CHASANOW
            United States District Judge
```